**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CALEDONIAN BANK LIMITED,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 15-10324 (MG) |

### ORDER GRANTING TEMPORARY RESTRAINING ORDER

Keiran Hutchison and Claire Loebell of Ernst & Young Ltd., as the duly authorized joint official controllers (together, the "Petitioners") of Caledonian Bank Limited (the "Debtor"), which is subject to a controllership as confirmed by the Grand Court of the Cayman Islands (the "Cayman Proceeding"), commended this chapter 15 case ancillary to the Cayman Proceeding by filing the *Verified Petition for Order Recognizing Foreign Main Proceeding and Additional Relief* (the "Chapter 15 Petition") seeking the entry of an order recognizing the Cayman Proceeding as a "foreign main proceeding" under section 1517 of title 11 of the United States Code (the "Bankruptcy Code").

By their *Ex Parte Application for Temporary Restraining Order and, After Notice and a Hearing, a Preliminary Injunction, Pursuant to Section 1519 and 105(a) of the Bankruptcy Code* (the "Application"), the Petitioners requested (i) entry, on an *ex parte basis*, of a temporary restraining order staying execution against the assets of the Debtor, applying section 362 of the Bankruptcy Code in this chapter 15 case on a provisional basis, and scheduling a hearing on the Petitioners' request for a preliminary injunction and (ii) after such hearing, the entry of a preliminary injunction order extending the relief in the temporary restraining order until the disposition of the Chapter 15 Petition.

The Court has considered and reviewed the Application, the Chapter 15 Petition, the *Declaration of Keiran Hutchison in Support of (1) Petition for Order Recognizing Foreign Main Proceeding and Additional Relief; and (2) Application for Provisional Relief*, and all related documents filed contemporaneously therewith. Based on the foregoing, the Court finds and concludes as follows:

a) The Petitioners have demonstrated a substantial likelihood of success on the merits that the Debtor is the subject of a pending foreign main proceeding and that the Petitioners are the foreign representative of the Debtor;

b) The Petitioners have demonstrated that without a stay on execution against the Debtor's assets and the protections of section 362 of the Bankruptcy Code, there is a material risk that the Debtor will suffer irreparable harm to the value of its business, assets, and property as a result of potential enforcement and collection efforts of creditors pending the disposition of the Chapter 15 Petition;

c) No injury will result to any party that is greater than the harm to the Debtor's business, assets and property in the absence of the requested relief, and that the interests of the public will be served by this Court's granting of the relief requested by the Petitioners;

d) Due to the nature of the relief requested, the Court finds that no security is required under Rule 65(c) of the Federal Rules of Civil Procedure as made applicable in these cases by Rule 7065 of the Federal Rules of Bankruptcy Procedure;

e) This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334;

f) This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

2

  g)  Venue is proper in this District pursuant to 28 U.S.C. §§ 1410(1).

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS**:

  1.  The Petitioners' Application is **GRANTED** as of 3:45 p.m. (prevailing Eastern time) on February 16, 2015.

  2.  A hearing (the "Hearing") on the Petitioners' Application for a preliminary injunction shall be held at **2:00 p.m. (prevailing Eastern time) on February 25, 2015**.

  3.  Subject to paragraph 4 below, pending the Hearing:

    (i) pursuant to sections 1519(a)(1) and 105(a) of the Bankruptcy Code, all persons and entities, including the United States financial institutions currently holding assets of the Debtor, are enjoined from seizing, attaching, possessing, executing and/or enforcing liens against the assets of the Debtor;

    (ii) pursuant to sections 1519(a)(3) and 105(a) of the Bankruptcy Code, the automatic stay pursuant to section 362 of the Bankruptcy Code is applicable in this chapter 15 case within the territorial jurisdiction of the United States; *provided*, *however*, the automatic stay made applicable by section 1520(a)(1) of the Bankruptcy Code shall (a) be subject to the TRO in place in the SEC Action, as or as may be modified; and (b) not enjoin a police or regulatory act of a governmental unit to the extent provided in section 362(b)(4) of the Bankruptcy Code; and

    (iii) the Debtor's assets located within the territorial jurisdiction of the United States shall remain in the territorial jurisdiction of the United States.

  4.  Pursuant to Federal Rule 65(b)(4), any party in interest may make a motion seeking relief from or modifying this Order by, on not less than two (2) business days'

notice to the Petitioners' United States counsel, filing a motion seeking an order of this Court dissolving or modifying the injunction entered in this proceeding.

5. Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

6. Notice of the entry of this Order and of the Hearing shall be served within two business days of its entry by United States mail first-class postage prepaid, by electronic mail, or by fax on all parties against whom relief is sought (or their counsel), including the Securities and Exchange Commission and the United States financial institutions holding Debtor's assets. Notice will also be served on the Cayman Islands Monetary Authority and on Gordon MacRae and Eleanor Fisher of Zolfo Cooper (Cayman) Limited.

7. Service in accordance with this Order shall constitute adequate and sufficient service and notice.

8. The Application and all other filings in the Debtor's chapter 15 case shall be made available upon request at the offices of Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 to the attention of Geoffrey Raicht, (212) 969-3000, graicht@proskauer.com.

9. Responses or objections to the Petitioners' request for a preliminary injunction must be made pursuant to the Bankruptcy Code, the local rules of this Court, and the Federal Rules of Bankruptcy Procedure and in writing describing the basis therefore, which objection or response must be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's electronic case filing system, and by all other parties in interest on a 3.5 inch disc, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with a hard copy to the Chambers

of the Honorable Martin Glenn, United States Bankruptcy Judge, and served upon counsel for the Petitioners, by no later than **February 23, 2015, at 9:00 a.m. (prevailing Eastern time)**. Notices to counsel for the Petitioners should be addressed to Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, Attention: Geoffrey Raicht.

10. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  February 16, 2015
        New York, New York

                                            **/s/Martin Glenn**
                                            MARTIN GLENN
                                            United States Bankruptcy Judge