Hearing Date:
March 17, 2015

**HOLLAND & KNIGHT LLP**
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
Attn:   Warren E. Gluck, Esq.
        Arthur E. Rosenberg, Esq.
*Attorneys for Saad Investments Finance Co. (No. 5) Ltd. (In Liquidation)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :
                                                            :   Chapter 15
CALEDONIAN BANK LIMITED.,                                   :
                                                            :   Case No. 15-10324 (MG)
            Debtor.                                         :
                                                            :
------------------------------------------------------------x

**LIMITED OBJECTION OF SAAD INVESTMENTS FINANCE COMPANY NO. 5 TO PROPOSED CHAPTER 15 RECOGNITION ORDER**

Saad Investments Finance Company (No. 5) Ltd. (in official liquidation) ("**SIFCO5**"), which liquidation has been recognized pursuant to Chapter 15 of the United States Bankruptcy Code 11 U.S.C. 1501 *et seq.* ("**Chapter 15**"), hereby submits this limited objection to the proposed order [D.E. 26-2] ("**Proposed Order**") recognizing the Cayman Islands Liquidation of foreign debtor Caledonian Bank Limited ("**Caledonian Bank**" or the "**Foreign Debtor**"), and the Cayman liquidators of the Foreign Debtor, Keiran Hutchinson and Claire Loebell ("**Petitioners**").

SIFCO5 objects, <u>at this time</u>, to the provision of the Proposed Order granting Petitioners "all the relief expressly set forth in 11 U.S.C. 1521(a)-(b)." That provision would potentially

allow for the immediate turnover of the Foreign Debtor's United States property to the Petitioners in the Cayman Islands before a determination has been made as to what constitutes the Foreign Debtor's "United States Property." Currently, the precise nature of the Foreign Debtor's property, and its relationship to the SIFCO5 Assets (defined below) is the subject of genuine dispute and uncertainty.

SIFCO5 submits that granting the Proposed Order as requested is currently premature. Granting unlimited 1521(b) relief runs the risk of allowing turnover of assets - particularly SIFCO5 assets - that are (i) not properly part of the Foreign Debtor's bankruptcy estate and (ii) independently protected pursuant to 11 U.S.C. 1520 as SIFCO5's "assets in the United States," where SIFCO5 is itself a foreign debtor recognized in the United States pursuant to Chapter 15. *See In re Saad Investments Finance Co. (No. 5) Ltd.*, 09-13985 (D.Del.) (KG) (Chapter 15).

It may well be that in the near future, once more information is available, SIFCO5 will have no objection to Petitioners' request for unlimited 11 U.S.C. 1521(b) relief.

However, further information could also reveal the necessity for this Court to determine whether (i) the assets at issue are property of the Foreign Debtor subject to turnover, (*see In re Koreag*, 961 F.2d 341 (2d Cir. 1992)), and (ii) whether SIFCO5's interests would be adequately protected in the event of a turnover (*see* 11 U.S.C. 1521(b), 1522(a)).

Accordingly, SIFCO5 objects to 1521(b) relief being granted to the limited extent that it implicates SIFCO5 assets within the ultimate custody or control of the Foreign Debtor.

## FACTS

SIFCO5 maintains a very substantial interest in the form of a <u>segregated</u>[1] cash account (the "**SIFCO5 Assets**") managed and/or in the control of Caledonian Global Financial Services ("**Caledonian Global**"), Caledonian Asset Management Inc. ("**Caledonian Asset**

---
[1] As opposed to an ordinary deposit account

2

Management"), Caledonian Securities Ltd. (In Controllership) (In Liquidation) ("**Caledonian Securities**") and/or the Foreign Debtor (collectively, "**Caledonian**")[2].

At the provisional relief hearing in this matter on February 25, 2015, SIFCO5 brought the contested status of the SIFCO5 Assets to the Court's attention. The Court urged SIFCO5 and the Foreign Debtor to engage in informal discovery in order to clarify the situation, such that SIFCO5 and the Foreign Debtor are on an "even informational playing field." *See* Transcript, Feb. 25th, 2015 Hearing, at 17:14-19.

SIFCO5 and Caledonian are amicably engaged in the informal discovery process now. Copies of the informal discovery correspondence are attached hereto. As part of that informal discovery, the Foreign Debtor has represented that the SIFCO5 Assets are housed in an account at Morgan Stanley in the name of the non-debtor, Securities and Exchange Commission defendant, Caledonian Securities. It has been stated that the account housing the SIFCO5 Assets is "Caledonian Securities Ltd/CO: XXX-XXXXX-2040.

However, the status of the SIFCO5 Assets remains fundamentally unclear at this time and SIFCO5 and the Foreign Debtor are certainly not currently on an "even informational playing field."

At this stage, SIFCO5 does not have access any agreements that purport to allow Caledonian Securities to keep custody of the SIFCO5 Assets or any agreements that purport to allow the Foreign Debtor to keep custody of Caledonian Securities' or SIFCO5's assets.

---

[2] Specifically, SIFCO5 negotiated and entered into agreements with Close Bank Limited, Caledonian's predecessor, providing that its account would be segregated, and the SIFCO5 Assets under the administration and custody of Caledonian's predecessor would be SIFCO5's property and protected. Since the merger, SIFCO5 has been receiving statements regarding its segregated custody account from Caledonian Asset Management and had engaged in correspondence with Caledonian Securities.

Moreover, Caledonian Bank has declined to confirm or deny, at this time, whether the Caledonian Securities account at Morgan Stanley that houses the SIFCO5 Assets is in turn a subaccount in the name of Foreign Debtor Caledonian Bank. Rather, according to the Foreign Representative "[a] determination of this question will be the subject of further legal analysis and potentially a request for directions by the Liquidators to the Cayman Court."

It is a matter of public record that Morgan Stanley reported in the matter of *Securities and Exchange Commission v. Caledonian Bank Ltd. et al,* 15-894 (S.D.N.Y.) (the "**SEC Case**"), that only the Foreign Debtor, Caledonian Bank, maintained an account at Morgan Stanley.

In view of all of the foregoing, SIFCO5 cannot even determine whether Petitioners' requested relief under 11 U.S.C. 1521(b) would authorize a turnover of the SIFCO5 Assets to Petitioners, or whether the SIFCO5 Assets are unrelated to the Foreign Debtor and otherwise protected.

As noted in Caledonian Bank's response, SIFCO5 and Caledonian Bank expect to engage in further emails and telephone correspondence to clarify the issues. SIFCO5 will be requesting additional documentation from the Foreign Debtor, Caledonian and Morgan Stanley as necessary.

For the foregoing reasons, the parameters of the Foreign Debtors' assets in the United States are currently in dispute.

## ARGUMENT

11 U.S.C. 1521(b) provides that the Bankruptcy Court may only grant 1521(b) relief if "...the Court is satisfied that the interests of creditors in the United States are sufficiently protected." *See also,* 11 U.S.C. 1522(a) (conditioning 1521 relief upon a determination that "the

interests of the creditors and other interests entities, including the debtor, are sufficiently protected").

Indeed, while it was admittedly decided under Chapter 15's predecessor, 11 U.S.C. 304, there is binding Second Circuit precedent directly on the issue of requests by foreign representatives for turnover of assets when the ownership of those assets is in dispute. *See In re Koreag*, 961 F.2d 341 (2d Cir. 1992) (the Bankruptcy Court must make a "threshold determination" under local law as to property ownership before ordering turnover of property to a foreign proceeding); *See also JP Morgan Chase Bank v. Altos Hornos de Mexico de C.V.* 412 F.3d 418 (2d Cir. 2005) (affirming the *Koreag* rule that that U.S. courts may resolve *bona fide* questions of property ownership).

The concerns underlying 11 U.S.C. 304 turnovers are identical to the concerns associated with 11 U.S.C. 1521(b) turnovers. The courts and all interested parties must be certain that the foreign debtor's property, and only the foreign debtor's property that should be administered in the foreign proceeding be turned over to the foreign representative.

As this Court noted during the Provisional Relief hearing, "[t]here won't be any surprises with what's written. I don't sign orders in the middle of the night that resolve issues..." Tr. 16:17-19. In this case, the simple fact is that the informal discovery that began approximately two weeks ago has not resolved the fundamental issues and SIFCO5 must have the opportunity to obtain and review the basic information and documentation requested.

SIFCO5 merely requests that the issue of whether Caledonian is granted "turnover relief" as set forth in 11 U.S.C. 1521(b) is stayed until the following occurs:

(i) sufficient information concerning the accounts housing SIFCO5's segregated assets is produced via formal, or preferably continued informal, discovery; and

5

(ii) SIFCO5 has a reasonable opportunity to review that information to determine whether there is a *bona fide* dispute concerning whether the SIFCO5 Assets form part of the Foreign Debtor's estate.

At that time, SIFCO5 will either consent to the turnover relief requested by the Foreign Debtor or request this Court undertake a "*Koreag* analysis" as to the question of ownership.

## **CONCLUSION**

Based on the foregoing, SIFCO5's limited objection to the Foreign Debtor's Proposed Recognition Order should be granted, the issues of whether the Foreign Debtor is entitled to 11 U.S.C. 1521(b) turnover relief at least with respect the SIFCO5 Assets and the Caledonian Securities Account at Morgan Stanley should be temporarily stayed, and the recognition order should be amended to reflect the small limitation on the relief to Petitioners requested herein.

Dated: New York, New York
       March 13, 2015

HOLLAND & KNIGHT LLP

By: */s/ Warren E. Gluck*
    Warren E. Gluck, Esq.
    Arthur E. Rosenberg, Esq.
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
*Attorneys for Saad Investments Finance Co. (No. 5) Ltd. (In Liquidation)*

# Holland & Knight

201 North Franklin Street, Suite 1100 | Tampa, FL 33602 | T 813.227.8500 | F 813.769.4343
Holland & Knight LLP | www.hklaw.com

Warren Gluck
(212) 513-3396
warren.gluck@hklaw.com

March 2, 2015

*Via E-mail (graicht@proskauer.com)*

Geoffrey Raicht
Eleven Times Square
New York, NY 10036-8299

Margaret Dale
Eleven Times Square
New York, NY 10036-8299

  Re: Saad Investments Finance Company (No. 5) Limited/Caledonian Held Assets

Mr. Raicht:

As you are aware, we represent the liquidators of Saad Investments Company (No. 5) Ltd. (in official liquidation) ("**SIFCO5**"), which liquidation has been recognized pursuant to Chapter 15 of the United States Bankruptcy Code 11 U.S.C. 1501 *et seq*. ("**Chapter 15**").

We write to request informal disclosure of limited documentation and straightforward answers to initial limited questions, relevant to SIFCO5's interest with respect to Caledonian Global Financial Services ("**Caledonian Global**"), Caledonian Asset Management Inc. ("**Caledonian Asset Management**"), Caledonian Securities Ltd. (In Controllership) (In Liquidation) ("**Caledonian Securities**") and Caledonian Bank Ltd. (In Controllership) (In Liquidation) ("**Caledonian Bank**") (collectively, these entities are referred to as "**Caledonian**").

This letter is written further to the following:

- Our email to Proskauer Rose LLP ("**Proskauer**") dated February 19, 2015, setting forth some information concerning SIFCO5's segregated account balance and the attachments representing statements associated with that balance thereto;

- The email from Walkers to Holland & Knight LLP dated February 25, 2015, which states "SIFCO5 has cash assets currently valued at USD65,110,231.26 [the "**SIFCO5 Assets**"] which are held in a sub-custody account with Morgan Stanley in the name of Caledonian Securities Limited which takes instructions from Caledonian Asset Management Inc. Our clients are in the process of performing a detailed reconciliation of all assets held in

Geoffrey Raicht, Margaret Dale
<March 2, 2015>
Page 2

> sub-custody accounts and are also currently considering the impact of the SEC stipulation..."

- The Caledonian Bank Chapter 15 provisional relief hearing, during which the Court urged the parties to engage in informal disclosure such that SIFCO5 and Caledonian are on the "same playing field [in terms of information]"; and

- Our discussions concerning this request for informal discovery immediately after the Caledonian Bank Chapter 15 hearing on February 25, 2015.

As additional factual background, reference is generally made to the docket in the matter of *Securities and Exchange Commission v. Caledonian Bank Ltd. et al*, 15-894 (S.D.N.Y.) (the "**SEC Case**"). In particular, reference is made to the apparent absence of any indication in the SEC case that Caledonian Securities maintains an account at Morgan Stanley.

Further to this background, SIFCO5 respectfully requests answers to the following:

1. Please state the legal name and account number of the "sub-custody account" at Morgan Stanley, referenced in the Walkers email, where the SIFCO5 assets are being held [the "**Account**"].

2. If the Account is a sub-account, or multi-layered sub-account, please state the legal name and account number of the parent account(s).

3. If the Account is a sub-account, or multi-layered sub-account, please state the relationship between the legal owners of the parent account(s).

4. Please confirm whether the account holding SIFCO5's assets is a "segregated" account.

5. Please provide copies of any and all custody, bank account, trust or other relevant agreements by and between Morgan Stanley and the Caledonian entities that govern the "sub-custody account" at Morgan Stanley where the SIFCO5 assets are being held.

6. Please provide copies of any and all agreements that govern or purport to govern the relationship between SIFCO5 and Caledonian, including any predecessor and, for the avoidance of doubt, including Intertrust Asset Management (Cayman) Limited.

7. Please provide copies of any and all agreements by and between the Caledonian entities that authorize or purport to authorize any Caledonian entity aside from Caledonian Asset Management Inc. to act as custodian for SIFCO5's assets.

8. Please provide a status update on the reconciliation of the Account and when this is expected to be finalized by the Controllers / Liquidators.

#34862695_v1

Geoffrey Raicht, Margaret Dale
<March 2, 2015>
Page 3

Given that the Caledonian Chapter 15 Recognition hearing is currently scheduled for March 17, 2015, SIFCO5 respectfully requests production of the requested documentation and information by March 10, 2015.

Of course, SIFCO5 is happy to accommodate or assist Caledonian, Proskauer and Walkers in any reasonable way. Furthermore, whereas SIFCO5 understands and recognizes that many of the documents requested may be proprietary/confidential, and that the answers provided may implicate sensitive interests, SIFCO5 will be happy to agree to a reasonable confidentiality stipulation and that some answers be provided on a "without prejudice/for settlement purposes only" basis.

Sincerely yours,

HOLLAND & KNIGHT LLP

*/s WARREN E. GLUCK*

Warren Gluck

#34862695_v1

# Proskauer»

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 11, 2015

Via Electronic Mail

Warren Gluck, Esq.
Holland & Knight
201 North Franklin Street, Suite 1100
Tampa, Florida 33602

Geoffrey T. Raicht
Member of the Firm
d 212.969.3165
f 212.969.2900
graicht@proskauer.com
www.proskauer.com

Re: *In re Caledonian Bank Limited, Bankr. SDNY, Case No. 15-10324 (MG) (Chapter 15)*

Dear Warren:

Thank you for your letter of March 2, 2015 (the "March 2nd Letter"). As you know, Keiran Hutchison and Claire Loebell of Ernst & Young Ltd. were appointed Joint Official Liquidators (the "Liquidators") of Caledonian Bank Limited ("CBL") and Caledonian Securities Ltd. ("CSL") by the Grand Court of the Cayman Islands (the "Cayman Court") on February 25, 2015.[1] The only entity seeking recognition under Chapter 15 of the United States Code 11 U.S.C. § 1501 et seq. ("Chapter 15") is CBL. Accordingly, this response to the March 2nd Letter is only on behalf of CBL. To the extent your client, Saad Investments Finance Company (No. 5) Ltd. ("SIFCO5"), seeks documents from any other entity in the Caledonian group, it must make direct request to those entities.

As noted by Judge Glenn at the February 25th hearing on the preliminary injunction, recognition of the Liquidators and the wind-up of CBL in the Cayman Court, does not involve a determination of title to specific assets. However, the Liquidators are sympathetic to SIFCO5's desire for clarity with respect to the funds it placed under the control of non-debtor Caledonian Asset Management ("CAM"). Indeed, there is a large value of assets believed to be held in trust for a large number of parties similarly situated to SIFCO5 and piecemeal discovery for each party is not practical nor an efficient use of the resources of the CBL or CSL liquidation/bankruptcy estates at this time. Accordingly, a process by which a determination of SIFCO5's (and all other parties similarly situated) interest in the funds placed under the control of CAM will be made and is a near term priority for the Liquidators. Such determination may require an order from the Cayman Court and possibly the separate approval or recognition from the Bankruptcy Court. Any and all rights of SIFCO5 with respect to both proceedings are fully reserved.

In addition, the Liquidators have no intention of transferring CBL's assets from the United States to the Cayman Islands without a further order of the Bankruptcy Court. Accordingly, the

---

[1] The Liquidators were previously appointed by the Cayman Islands Monetary Authority ("CIMA") as Joint Controllers of CBL and CSL on February 10, 2015. On February 25, 2015, CIMA notified Mr. Hutchison and Ms. Loebell that their appointment as joint controllers of CBL and CSL was revoked effective upon the Cayman Court entering an order appointing them Joint Official Liquidators.

Proskauer >

Warren Gluck, Esq.
March 11, 2015
Page 2

Liquidators do not see any relevant basis to take discovery on the issue of recognition pending before the Bankruptcy Court.

In addition, if the assets over which SIFCO5 asserts a claim is held in trust, and not assets of CBL or CSL, the costs associated with this request could not be charged against the assets of CBL or CSL (i.e. depositor moneys) without the collective consent of the creditors (which we do not have) or an order of the Cayman Court. Therefore such cost would need to be paid out of SIFCO5's trust assets themselves.

Given SIFCO5 is a Cayman Islands Company in liquidation subject to the control of the Cayman Islands Courts, we would submit the Liquidators' position is not only uncontroversial but SIFCO5's Cayman Island counsel will be able to confirm this position.

Notwithstanding the above, the Liquidators have provided responses, to the extent they are able, to the questions posed in the March 2nd Letter on the attached Annex A. In addition, Proskauer and Walkers would welcome the opportunity for a call with you and your Cayman counsel to narrow any remaining issues.

Please feel free to call me if you wish to discuss further.

Best regards,

Geoffrey T. Raicht

Cc:   Keiran Hutchison
      Claire Lobell
      Neil Lupton
      Rupert Bell
      Margaret Dale

# ANNEX A

## Liquidators' Responses to SIFCO5's Informal Requests for Information

1. Please state the legal name and account number of the "sub-custody account" at Morgan Stanley, referenced in the Walkers email, where SIFCO5 assets are being held [the "**Account**"]

    **RESPONSE** The relevant assets are held at the following Morgan Stanley account Caledonian Securities LTD/CO ▆▆▆▆-2040

2. If the Account is a sub-account, or multi-layered sub-account, please state the legal name and account number of the parent account(s)

    **RESPONSE** There are no further relevant sub-custody accounts

3. If the Account is a sub-account, or multi-layered sub-account, please state the relationship between the legal owners of the parent account(s)

    **RESPONSE** A determination of this question will be the subject of further legal analysis and potentially a request for directions by the Liquidators to the Cayman Court

4. Please confirm whether the account holding SIFCO5's assets is a "segregated" account

    **RESPONSE** A determination of this question will be the subject of further legal analysis and potentially a request for directions by the Liquidators to the Cayman Court

5. Please provide copies of any and all custody, bank account, trust or relevant agreements by and between Morgan Stanley and the Caledonian entities that govern the "sub-custody account" at Morgan Stanley where the SIFCO5 assets are being held

    **RESPONSE** The question is overbroad as it requests "any and all" documents and we refer to our letter of today's date in this regard  The question also demands documents from entities outside the control of the Liquidators

6. Please provide copies of any and all agreements that govern or purport to govern the relationship between SIFCO5 and Caledonian, including and predecessor and, for the avoidance of doubt, including Intertrust Asset Management (Cayman) Limited

    **RESPONSE** The question is overbroad as it requests "any and all" documents and we refer to our letter of today's date in this regard  The question also demands documents from entities outside the control of the Liquidators

7. Please provide copies of any and all agreements by and between the Caledonian entities that authorize or purport to authorize any Caledonian entity aside from Caledonian Asset Management Inc to act as custodian for SIFCO5's assets

> **RESPONSE:** The question is overbroad as it requests "any and all" documents and we refer to our letter of today's date in this regard. The question also demands documents from entities outside the control of the Liquidators. .

8. Please provide a status update on the reconciliation of the Account and when this is expected to be finalized by the Controllers / Liquidators.

    **RESPONSE:** A determination of this question will be the subject of further legal analysis and potentially a request for directions by the Liquidators to the Cayman Court.