UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

CALEDONIAN BANK LIMITED,

      Debtor in a Foreign Proceeding.

Chapter 15

Case No. 15-10324 (MG)

## ORDER RECOGNIZING FOREIGN MAIN
## PROCEEDING AND GRANTING ADDITIONAL RELIEF

A hearing having been held to consider the official form petition [Docket No. 1] and verified petition [Docket No. 2], dated February 16, 2015 (together, the "Petition") and the *Supplement to Verified Petition for Order Recognizing Foreign Main Proceeding and Granting Additional Relief* [Docket No. 26], dated March 4, 2015 (the "Supplement"), filed by Keiran Hutchison and Claire Loebell of Ernst & Young Ltd., as the duly authorized joint official liquidators (together, the "Petitioners") of Caledonian Bank Limited (the "Debtor"), to recognize the winding up of the Debtor (the "Cayman Proceeding") pending before the Grand Court of the Cayman Islands (the "Cayman Court") as a foreign main proceeding pursuant to 11 U.S.C. § 1517 and granting certain additional relief pursuant to 11 U.S.C. § 1521; and upon this Court's review and consideration of the Petition, the declaration of Keiran Hutchison in support thereof, the Supplement and declaration of Keiran Hutchison in support thereof, and the evidence put forth on the record of the hearing to consider the Petition; and due and proper notice of such hearing having been provided; and after due deliberation and sufficient cause appearing therefor, this Court makes the following findings of fact and conclusions of law:

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. § 1410.

1

      B.       The Petitioners are "persons," as such term is defined in 11 U.S.C. § 101(41).

      C.       The Debtor is eligible to be a debtor under 11 U.S.C. § 109(d).

      D.       The Petitioners are the Debtor's "foreign representative," as such term is defined in 11 U.S.C. § 101(24).

      E.       This chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

      F.       The Petitioners have satisfied the requirements of 11 U.S.C. § 1515 and Fed. R. Bankr. P. 1007(a)(4).

      G.       The Cayman Proceeding is a "foreign proceeding," as such term is defined in 11 U.S.C. § 101(23).

      H.       The Cayman Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517(a).

      I.       The Cayman Proceeding is pending in the country where the Debtor's center of main interests is located, is a "foreign main proceeding," as such term is defined in 11 U.S.C. § 1502(4), and is entitled to recognition as a "foreign main proceeding" pursuant to 11 U.S.C. § 1517(b)(1).

      J.       The Petitioners are entitled to all the relief provided pursuant to 11 U.S.C. § 1520, without limitation.

      K.       The Petitioners are entitled to all relief expressly set forth in 11 U.S.C. § 1521(a).

      L.       The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted under 11 U.S.C. §§ 1517, 1520, and 1521.

Now therefore, it is hereby ORDERED:

1. The Cayman Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. §§ 1517(a) and 1517(b)(l).

2. All relief afforded a foreign main proceeding pursuant to 11 U.S.C. § 1520 is granted.

3. Pursuant to 11 U.S.C. § 1520(a)(1), 11 U.S.C. §§ 361 and 362 apply with respect to the Debtor and its property that is currently within or may be brought into the territorial jurisdiction of the United States; *provided*, *however*, the automatic stay made applicable by 11 U.S.C. 1520(a)(1) shall (i) be subject to that certain temporary restraining order entered on February 6, 2015, as modified on February 9, 2015, and as may be further modified (the "TRO"), in the action commenced by the Securities and Exchange Commission in the United States District Court for the Southern District of New York (Civ. A. No. 15-894) (WHP); and (ii) not enjoin a police or regulatory act of a governmental unit to the extent provided in 11 U.S.C. § 362(b)(4).

4. The Petitioners are authorized to operate the Debtor's business and exercise the powers of a trustee to the extent provided by 11 U.S.C. § 1520(a)(3).

5. Pursuant to 11 U.S.C. § 1520(a), all persons and entities, other than the Petitioners and their representatives and agents, are hereby enjoined from (a) commencing or continuing an action or proceeding concerning the Debtor's assets, rights, obligations, or liabilities; (b) executing against any of the Debtor's assets; (c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, setoff, or other claim against the Debtor or its property; (d) transferring, relinquishing, or disposing of any property of the Debtor to any person or entity other than the Petitioners; or (e) declaring or considering the

commencement of the Cayman Proceeding or the Debtor's chapter 15 case a default under any agreement, contract, or arrangement; *provided*, *however*, this injunction shall (i) be effective solely within the territorial jurisdiction of the United States; (ii) be subject to the TRO, as and as may be modified; and (iii) not enjoin a police or regulatory act of a governmental unit to the extent provided in 11 U.S.C. § 362(b)(4).

6.   Pursuant to 11 U.S.C. § 1521(a)(5), the administration and realization of the Debtor's assets located within the territorial jurisdiction of the United States is entrusted to the Petitioners and the Petitioners are hereby established as the exclusive representatives of the Debtor in the United States.

7.   The Court is not in this Order making any determination as to what constitutes assets of the Debtor for purposes of 11 U.S.C. § 1521(b).

8.   No action taken by the Petitioners, the Debtor, or their representatives in connection with this chapter 15 case or any adversary proceeding filed by or against the them shall be deemed to constitute a waiver of the rights or benefits afforded such persons under 11 U.S.C. §§ 306 and 1510.

9.   A copy of this order shall be served, within five business days of entry of this order, by fax, e-mail, or regular mail, upon all of the Debtor's known creditors and investors, the Office of the United States Trustee, and such other entities as the Court may direct. Service in accordance with this order shall constitute adequate and sufficient notice of the terms hereof.

10.  This Court shall retain jurisdiction with respect to the enforcement or interpretation of this order and any request by any person or entity for relief from the provisions hereof.

**IT IS SO ORDERED.**

Dated:  March 17, 2015
        New York, New York

                              _____/s/Martin Glenn_____
                                    MARTIN GLENN
                              United States Bankruptcy Judge