1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Case No. 15-10324(MG)

4   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5   In the Matter of:

6

7   CALEDONIAN BANK LIMITED,

8

9            Debtor.

10

11  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12

13                  U.S. Bankruptcy Court

14                  One Bowling Green

15                  New York, New York

16

17                  February 25, 2015

18                  2:01 p.m.

19

20  B E F O R E :

21  HON MARTIN GLENN

22  U.S. BANKRUPTCY JUDGE

23

24

25

1    Hearing re:  Petitioner's application for a preliminary

2    injunction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Jamie Gallagher

1     A P P E A R A N C E S :

2     PROSKAUER ROSE, LLP

3          Attorney for the Debtor

4          Eleven Times Square

5          New York, NY 10036

6

7     BY:  GEOFFREY T. RAICHT, ESQ.

8          SIGAL P. MANDELKER, ESQ.

9          JARED ZAJAC, ESQ.

10         LEE POPKIN, ESQ.

11

12    HOLLAND & KNIGHT, LLP

13         Attorney for Saad Investment Company (No. 5) Limited

14         31 West 52nd Street

15         New York, NY 10019

16

17    BY:  WARREN E. GLUCK, ESQ.

18

19

20

21

22

23

24

25

1              P R O C E E D I N G S

2         THE COURT:  All right, please be seated.  We're

3    here in Caledonian Bank Limited, number 15-10324.

4         MR. RAICHT:  Good afternoon, Your Honor, Geoffrey

5    Raicht, Proskauer Rose for the debtor, Caledonian Bank.  And

6    I have with me at counsel table my partner Sigal Mandelker

7    and if I may, Your Honor, the gentleman right here is Neil

8    Lupton from the Cayman Island law firm, Walkers, who also

9    represents Caledonian Bank.

10        THE COURT:  Thank you.  Anybody else making an

11   appearance?

12        MR. GLUCK:  Warren Gluck, Your Honor, counsel for

13   Saad Investment Company (No. 5) Limited, in liquidation

14   which is an interested party in this case by virtue of its

15   relationship with the Caledonian group.

16        THE COURT:  Okay.  Where's the liquidation?

17        MR. GLUCK:  The liquidation is also in Cayman by

18   chance.

19        THE COURT:  Thank you.

20        MR. RAICHT:  Your Honor, we're here on the return

21   date for our preliminary injunction order to which we

22   received no objections.  But before we begin I would just

23   like to give the Court a brief update on what has happened

24   in Cayman since the last time we were here.

25             On the 23rd of this month, I guess two days ago,

1   the Cayman Island Court officially appointed the Ernst &

2   Young parties, Mr. Hutchinson and Ms. Loebell, as joint

3   official liquidators of the bank.  They temporarily remain

4   in being controllers of the bank under the banking law, but

5   they are now also officially liquidators.

6                THE COURT:  Okay.

7                MR. RAICHT:  That role as controller may go away

8   in the next day or so, but as we did flag in our initial

9   papers that this was a possibility and we are prepared to

10  file a supplement --

11               THE COURT:  This is under the company's act that

12  they've been designated as the joint liquidators?

13               MR. RAICHT:  Correct, Your Honor.  So as a matter

14  of just cleaning up the record, we'll file a supplement in

15  the next day or so attaching the orders.

16               We are here on the preliminary injunction, Your

17  Honor, and we have received no objections from anybody.  I

18  spoke with the U.S. Trustee earlier today.  He has no

19  objection to the entry of the order.  There are parties here

20  in the courtroom with me who wish to be heard.  As I

21  understand it, we have -- no one's going to be objecting to

22  the relief.

23               THE COURT:  All right.  So what you should do is

24  offer in evidence there are I guess several declarations

25  that are on ECF -- filed on ECF already so we have an

1    evidentiary record.  I'll ask whether anybody wishes to

2    cross examine the declarant, but let's proceed in that

3    fashion first.  Just bear with me for one minute, okay?

4         (Pause)

5              THE COURT:  Okay.

6              MR. RAICHT:  Your Honor, just as a mechanical

7    matter, how about I put the representation or the proffer

8    into the record if there is any cross examination of the

9    witnesses, Ms. Loebell, one of the liquidators, is available

10   by phone.

11             THE COURT:  Fine.

12             MR. RAICHT:  Thank you, Your Honor.

13             THE COURT:  Okay.  I don't take proffers.  So,

14   just as a general proposition.  So what -- the way we'd

15   proceed is if there are several declarations that have been

16   filed, you want to offer those.  If there's evidence beyond

17   those that you're proffering, you can tell me what it is but

18   my ordinary preference is not to take proffers.

19             MR. RAICHT:  That's fine, Your Honor.

20             THE COURT:  But to require, you know -- require

21   the declarations be filed, offer it into evidence.  I asked

22   whether there were any objections.  They come in.  I ask

23   whether there's any who wishes to cross examine.  Okay?

24             MR. RAICHT:  Thank you, Your Honor.  My life is

25   much easier.

1             THE COURT:  Okay.

2             MR. RAICHT:  Your Honor, we filed on

3   February 16th, docket number 5 in case 15-10324, the

4   declaration of Kieran Hutchinson in support of the, at the

5   time the ex parte application for temporary restraining

6   order.  And after notice and a hearing, a preliminary

7   injunction under 105(a) and 1519 of the Bankruptcy Code.

8   Mr. Hutchinson's declaration sets forth the basis for which

9   a preliminary injunction should be entered by this Court and

10  we offer it into evidence, Your Honor.

11      (Debtor's Exhibit Number 5 was marked for

12  identification)

13            THE COURT:  All right, any objections?  All right,

14  ECF docket number 5, the Hutchinson declaration, is admitted

15  in evidence.

16      (Debtor's Exhibit Number 5 was admitted into evidence)

17            MR. RAICHT:  Thank you, Your Honor.

18            THE COURT:  You had a second Hutchinson

19  declaration which is ECF number 3, are you offering that as

20  well?  That was in support of recognizing the -- as a

21  foreign main proceeding?

22            MR. RAICHT:  Yes, Your Honor.  Thank you for the

23  assistance, Your Honor.  We also -- we still offer into the

24  record docket number 3 and 15-10324 filed on

25  February 16th, 2015, the declaration of Kieran Hutchinson in

1  support of petition for an order recognizing the foreign

2  main proceeding and granting the conditional relief.  In the

3  declaration, Mr. Hutchinson sets forth a basis by which the

4  controllership that he was appointed under under Cayman law

5  satisfies being a foreign proceeding and also that he is a

6  foreign representative.

7       (Debtor's Exhibit Number 3 was marked for

8  identification)

9            THE COURT:  All right.

10            MR. RAICHT:  Your Honor, we offer that declaration

11  into evidence.

12            THE COURT:  Are there any objections?  All right,

13  the Hutchinson declaration which has been filed as ECF

14  docket number 3 is admitted into evidence.  Okay, go ahead.

15       (Debtor's Exhibit Number 3 was admitted into evidence)

16            MR. RAICHT:  Also, subsequent to Your Honor's --

17  to our hearing on February 16th, we did cause to be serve

18  within two business days after that date, the notice of this

19  preliminary injunction hearing as well as notice of the

20  ultimate hearing on recognition, an affidavit of service was

21  filed.  I'm not sure if I have the number with me, but that

22  was filed -- I think actually it was earlier today we did

23  file the affidavit of service.

24            THE COURT:  All right, that's ECF -- well, let's

25  see.  I think it wasn't filed -- I think it was filed on

1   May 23rd, isn't that the date of service, which is ECF

2   docket number 17 -- on the 23rd, there actually are four

3   affidavits of service: ECF 14, 15, 16, and 17.

4           MR. RAICHT:  Yes, Your Honor.

5           THE COURT:  All right, I guess I should've asked

6   this, is there -- now having admitted the -- the two

7   Hutchinson declarations, anybody wish to cross examine?  No,

8   all right, go ahead.

9           MR. RAICHT:  Lastly, Your Honor -- Your Honor's

10  order setting today's hearing -- setting an objection

11  deadline of this past Monday at 9:00 a.m., we received no

12  objections.  We did file earlier today a form of clean and

13  black line of the preliminary injunction order.  I'm not

14  sure what order Your Honor wishes me to walk you through the

15  changes that we made or if Your Honor wishes anyone want to

16  be hear on preliminary injunction first.

17          THE COURT:  Well, why don't you briefly make your

18  argument on the preliminary injunction brief?

19          MR. RAICHT:  Okay.

20          THE COURT:  And then we can talk to you about the

21  form of the order.

22          MR. RAICHT:  Certainly.

23          THE COURT:  There's one typo and there's also one

24  change that I want to --

25          MR. RAICHT:  I hate typos, Your Honor.

1            THE COURT:  It happens.

2            MR. RAICHT:  Your Honor, consistent with the basis

3    for which we came here on the ex parte application for

4    temporary restraining order, Your Honor, we are -- we

5    continue to be fearful of depositors taking actions or steps

6    in connection with the assets that are here in the United

7    States.  As we note in the original declaration, Your Honor,

8    that creditors in Cayman had been forming.  Since that time

9    we have received notice of appearances from several parties

10   representing depositors that are here today.  In the Cayman

11   matter, they are also receiving -- they're receiving notices

12   from parties -- from depositors.

13            I can -- I understand, Your Honor, those notices

14   from depositors are not cheerful notices.  And in some

15   instances they are quite threatening, so we -- so the

16   liquidators at this point continue to believe that the risk

17   of irreparable harm continues.  And as Your Honor, we noted

18   earlier that because we are now in a liquidation under the

19   company's law, we also believe that likelihood of success on

20   the merits is also fairly high.  And we ask that Your Honor

21   enter the preliminary injunction order through the date in

22   which we had the hearing on recognition.

23            THE COURT:  All right, does anybody wish to be

24   heard with respect to the motion for entry of a preliminary

25   injunction?  All right.  With respect -- I'm sorry, go

```
 1   ahead.
 2            MR. GLUCK:  Yes, Your Honor, a brief note.
 3            THE COURT:  You have to identify yourself every
 4   time you speak.
 5            MR. GLUCK:  Again, Warren Gluck, Holland & Knight
 6   representing Saad Investment Company -- Finance Company (No.
 7   5 Limited in liquidation, which we'll refer to SIFCO 5.
 8   SIFCO 5 is a Cayman Company which is the subject of a
 9   liquidation in Cayman.  That liquidation and the liquidators
10   thereof have been recognized in the United States District
11   Court for the District of Delaware pursuant to Chapter 15
12   and there is an automatic stay in place for -- there is a
13   stay in place with respect to SIFCO's assets in the United
14   States.
15            SIFCO does have 65 million, or an excess of $65
16   million in assets located in the United States.
17            THE COURT:  Well, when you say that, it was my
18   understanding from the TRO hearing that the two accounts of
19   Caledonian Bank are in its name and not in the name of any
20   customer.  I think the transcript is on -- has been filed on
21   ECF.  I specifically asked that question.  Is it your --
22            MR. GLUCK:  That is precisely the issue that I'm
23   flagging at this time.  I'd like to begin by saying we
24   support the application for provisional relief and we will
25   further be supporting the application for a Chapter 15
```

1    recognition.  The issue we are trying to flag is that

2    ultimately, and so these -- it may involve fairly complex

3    questions that are factually predicated, but prior to any

4    final Chapter 15 order concerning the assets of the debtor

5    in this case Caledonian Bank has entered, we would like to

6    ensure that there is careful attention paid to the various

7    structure of the Caledonian Bank assets.

8              Specifically, SIFCO 5 is the -- is the subject of

9    a very significant Cayman liquidation.  The $65 million is

10   both the subject of and funding Cayman fraud litigation that

11   will be culminating in a 26 week trial shortly.  There are a

12   lot of varied interests and in fact, debtors' Cayman counsel

13   is very much involved in that case.

14             CIFCO 5 had deposited the assets of the estate

15   with a predecessor of Caledonian Bank, it was called

16   Intertrust (ph), and before that Close Brother (ph).

17   Through a series of mergers and combinations, CIFCO 5's

18   segregated custody account holding $65 million was

19   ultimately transferred to the control of Caledonian Asset

20   Management, which is a non-debtor in this case.  Through

21   information received from Caledonian Bank, Caledonian

22   Securities, and Caledonian Asset Management, it had been

23   represented that the $65 million was located in a Caledonian

24   securities account at Morgan Stanley.

25             Where we ran into some initial factual issues was

1    when we discovered that Morgan Stanley reported that there

2    was no Caledonian Securities account, rather the funds at

3    Morgan Stanley were nominally in the name of Caledonian

4    Bank, the debtor in this case.

5            At this stage, there are a number of factual

6    questions that require answering and that's why we're

7    flagging the issue.  But we obviously want to ensure that

8    prior to the entry of any final order, appropriate

9    information concerning the nature and the -- of the account

10    itself, which is a segregated account, but as well as the

11    relationships between the debtor, its affiliate, Caledonian

12    Securities, and its affiliate, Caledonian Asset Management

13    is disclosed.  There are a number of possible scenarios, one

14    of which is that this is simply a sub-account in the name of

15    the debtor -- excuse me, in the name of my client -- another

16    which at the other end of the spectrum --

17            THE COURT:  Or not.

18            MR. GLUCK:  -- is that there are a series of sub-

19    accounts with the debtor in this case being the

20    (indiscernible) account holder where its affiliate,

21    Caledonian Securities, holds yet another account and we have

22    yet another sub-account.

23            Obviously we also want to make sure that to the

24    extent money is being transferred either within or outside

25    the United States or being utilized in connection with

1  meeting obligations pursuant to the parallel SEC case to

2  maintain a million balance, that of course no inadvertence

3  violation of the stay protecting SIFCO 5's assets here in

4  the United States has made.  So these are all --

5          THE COURT:  Who entered the order protecting CIFCO

6  5's assets in the United States?

7          MR. GLUCK:  Excuse me, sorry?

8          THE COURT:  Who entered an order --

9          MR. GLUCK:  The United States District Court --

10         THE COURT:  -- wait, wait, wait -- protecting

11 CIFCO's assets in the United States?

12         MR. GLUCK:  The United States District Court for

13 the District of Delaware, Your Honor.

14         THE COURT:  Okay.

15         MR. GLUCK:  That order was entered years ago prior

16 to any of this arising and various activities we've been

17 conducting within the purview of that Chapter 15 action.

18 Again, at this stage we're supporting the provisional

19 application and we're certainly supporting the Chapter 15

20 itself.  But we would ask that as Chapter 15 recognition

21 draws nearer and statements that will ultimately be findings

22 of fact are made in the record concerning the assets of the

23 debtor in this case --

24         THE COURT:  Well recognition ordinarily doesn't

25 involve a determination of title to specific assets.  It

1    ordinarily -- recognition is just that, will the foreign

2    proceeding be recognized as a foreign main proceeding.  If

3    the debtor -- if the foreign debtor, excuse me, seeks relief

4    under 1521(b) for example, it might be pertinent then.  But,

5    you know, unless we saw it under 1521(a)(5) or 1521(b),

6    recognition in and of itself ordinarily would not require a

7    determination by the Court of whose money it is.

8            MR. GLUCK:  That's exactly what we were trying to

9    maintain.  It is often the case that in some Chapter 15

10   recognition orders there are provisions to the effect that

11   the foreign representative may maintain control and operate

12   its assets in the United States.  And so just in a phrase

13   like that there's room for clarification as to what its

14   assets are.

15           THE COURT:  So what I would suggest and I'm --

16   Mr. Gluck, I'm sure even without my suggestion you would do

17   so, speak -- confer with the foreign representatives counsel

18   and there won't be any surprises.  If there needs to be a

19   determination made as to the ownership of specific assets,

20   there's Second Circuit law what the Bankruptcy Court is

21   supposed to do versus what would ordinarily be done in the

22   foreign Court where a foreign main proceeding is pending.

23   I'm not saying one way or the other about how that ought to

24   be resolved.

25           With respect to 1521(b), which would entrust the

1    distribution of all or part of the debtor's assets located

2    in the United States to the foreign representative or

3    another person, I'll leave words out, provided the Court is

4    satisfied with the interest of creditors in the United

5    States who are sufficiently protected.  When I granted that

6    relief, for example, in Atlas Shipping, I specifically

7    provided that the funds in that case -- we're going back to

8    Denmark, were subject in determination by the Danish Court

9    as to who had a claim.  I think the virtue of Chapter 15 --

10   one of the goals of Chapter 15 is to encourage uniform

11   determination of issues about ownership of property and

12   distribution of property.  Certainly there are several

13   Second Circuit cases that carve out when the Court and the

14   U.S. should make a determination about whose money it is.

15          I'm not saying how this should be done here but,

16   you know, it's something in the first instance for you and

17   the foreign representative's counsel to discuss.  There

18   won't be any surprises with what's written.  I don't sign

19   orders in the middle of the night that resolve issues that

20   have money with one of the reasons that the preliminary

21   injunction -- the temporary restraining order at the Court's

22   request included a provision that the funds that are in the

23   United States would stay in the United States at this point.

24   And that language remains in the preliminary injunction.

25          So there will be an appropriate time to determine

1    if something different should occur.

2          MR. GLUCK:  Thank, Your Honor, and we're actually

3    very much in favor of the comity angle.  Ultimately, this

4    was to flag a pie value issue down the road but also that we

5    have been in touch with debtor's counsel and under the

6    circumstances, it make be that information sharing, to

7    simply clarify the issues because they are at this stage on

8    the murkier side.  So let alone determinations, things that

9    are far in the future like determinations of property, but

10   even the most basic account agreements -- inter-account

11   agreements that we don't have.  And so it makes it very

12   difficult for us to even understand the nature of our

13   deposit.

14         THE COURT:  I always encourage informal discovery.

15   If that doesn't work, there -- you know, obviously there are

16   other ways to do it.  But I would hope that there would be a

17   voluntary exchange of information, at least so that if the

18   matter winds up being presented here, you know, you're both

19   on an even informational playing field.  We'll just see

20   where it goes.  I understand your point.

21         MR. GLUCK:  And that's really it, Your Honor.

22         THE COURT:  Okay, all right.

23         MR. GLUCK:  Thank you for your time.

24         THE COURT:  All right, does anybody else wish to

25   be heard?

1          MR. RAICHT:  Just for a moment, Your Honor.  I can

2     certainly appreciate Your Honor's views and I can assure

3     Your Honor that we will be working with Mr. Gluck to resolve

4     any issues that he has and certainly get to the bottom of

5     whatever property rights may be at stake and I also tell you

6     that we will be accommodating in terms of discovery.

7          THE COURT:  Okay, thank you.  All right, so

8     pending before the Court is -- was originally the ex parte

9     application for temporary restraining order.  And after

10    notice and a hearing, a preliminary injunction pursuant to

11    Sections 15, 19, and 105(a) of the Bankruptcy Code, that was

12    filed as ECF docket number 4.  And the TRO was previously

13    entered, today was the day scheduled for the preliminary

14    injunction hearing.  The application is supported by the

15    declaration of Kieran Hutchinson.  There are actually two

16    declarations that have been admitted into evidence.  They're

17    at ECF docket number 3 and ECF docket number 5.  No party

18    has filed an objection to the application.

19          I'll skip a description of the background.  I

20    think it's well set forth in the documents that have been

21    filed previously in the case.  I certainly want to take note

22    of the SEC's action in the Southern District of New York

23    before Judge Pauley and the preliminary injunction that

24    Judge Pauley entered.  It was modified on consent.  The

25    preliminary injunction that's proposed here carves out the

1    effect of Judge Pauley's preliminary injunction.  It also

2    expressly provides that any police or regulatory actions are

3    not stayed by virtue of the injunction that's sought here.

4            Section 1519 of the Bankruptcy Code sets forth a

5    provisional relief that a Court may grant during the gap

6    period, which is the filing of the Chapter 15 petition and a

7    Court's determination of whether to grant recognition to the

8    relevant foreign proceeding.  See Vitro S.A.B. to C.V., the

9    ACP master limited, in re Vitro S.A.B. to C.V., 455 BR 571

10   at 578 (Bankruptcy Court, Northern District of Texas, 2011).

11           Pursuant to Section 1519 of the Bankruptcy Code,

12   "from the time of filing a petition for recognition until a

13   Court rules on a petition, the Court may at the request of

14   the foreign representative, where relief is urgently needed

15   to protect the assets of the debtor or interest of the

16   creditors, grant relief of a provisional nature including:

17   one, staying execution against the debtor's assets."  I'll

18   stop there because that's what's being sought here.

19   Obviously that section goes on.

20           In the Second Circuit, a party seeking a

21   preliminary injunction must demonstrate "a) irreparable

22   harm; and b) either: one, likelihood of success on the

23   merits; or two, sufficiently serious questions going to the

24   merits to make them a fair ground for litigation and a

25   balance of hardships tipping decidedly toward the party

1   requesting the preliminary relief."  Citigroup Global

2   Markets Inc. v. VCG, Special Opportunities Master Fund

3   Limited, 598 F.3d 30 at 35 (Second Circuit, 2010).

4           The Court has considered and reviewed the

5   application, the two declarations, the Chapter 15 petition.

6   And based on the Court's review, the Court finds and

7   concludes that the petitioner's application for preliminary

8   injunction is granted.  The Court finds that the petitioners

9   have demonstrated that without a stay on execution against a

10  debtor's assets in the United States and the protections of

11  Section 362 of the Bankruptcy Code, there is a material risk

12  the debtor will suffer irreparable harm to the value of its

13  business assets of property as a result of potential

14  enforcement and collection efforts of creditors pending

15  resolution of the Chapter 15 petition.

16          The declaration set forth that certain of the

17  debtor's depositors have already retained counsel and

18  without relief, the relief sought in the application is

19  depositors may initiate lawsuits seeking distributions that

20  would result in a piecemeal depletion of the debtor's assets

21  and would interfere with the orderly determination of claims

22  and a fair distribution of assets.

23          The Court also finds that the petitioners have

24  demonstrated a substantial likelihood of success on the

25  merits insofar as they have shown that the Court is likely

1    to grant recognition of the Cayman proceeding as a foreign

2    main proceeding.  To qualify as a foreign main proceeding,

3    the petitioners must establish: one, that the Cayman

4    proceeding is a foreign proceeding within the meaning of

5    Section 101(23) of the Bankruptcy Code and that the Cayman

6    proceeding is pending in the country where the debtor has

7    its center of main interest.  See Section 1517 of the

8    Bankruptcy Code.

9         First the petitioners have demonstrated that the

10   Cayman proceeding appears to be a foreign main proceeding as

11   that term is defined in Section 101(23) of the Bankruptcy

12   Code.  The Cayman proceeding is a collective judicial

13   proceeding because the petitioners have the power to, among

14   other things, resolve and determine the rights of all the

15   debtors, claimants, and stakeholders.  The Cayman proceeding

16   is subject to control or supervision by foreign court.

17        Second, the petitioners have demonstrated that the

18   Cayman proceeding is pending in the country where the debtor

19   has its center of main interest, the Cayman Islands.  Under

20   Section 1516(c) of the Bankruptcy Code "absent evidence to

21   the contrary, a debtor's registered office is presumed to be

22   the center of the debtor's main interest."

23        To determine a debtor's center of main interest,

24   Courts in this circuit also look to a non-exclusive list of

25   factors including "the location of the debtor's

1    headquarters, the location of those who actually manage the

2    debtor, the location of the debtor's primary assets, the

3    location of the majority of the debtor's creditors or a

4    majority of the creditors who would be affected by the case,

5    and/or the jurisdiction whose law would apply to most

6    disputes."  See Morning Mist Holdings Limited v. Krys, in re

7    Fairfield Sentry Limited, 714 F.3d 127 at 137 (Second

8    Circuit, 2013).

9           Not only is the debtor's registered office in the

10   Cayman Islands, it has always been headquartered in the

11   Cayman Islands.  All of its employees were located there and

12   it always held itself out as a Cayman Islands' bank.  For

13   these reasons, the Court grants the petitioner's application

14   for preliminary injunction.

15          Now with respect to the order that you submitted

16   -- the revised order that you submitted, on the first page

17   on the fourth line, the word should be commenced rather than

18   commended.

19          MR. RAICHT:  Thank you, Your Honor.

20          THE COURT:  On page 2 -- I'm looking at the

21   blacklines -- in paragraph 2, Romanette I, Romanette 1, in

22   the last line of that subsection, enforcing liens against

23   the assets of the debtors at -- located within the

24   territorial jurisdiction of the United States.  I think

25   that's really implied by Romanette 3, but to make it clear

 1    that this Court's authority in a Chapter 15 case relates to

 2    assets located in the territorial jurisdiction of the United

 3    States.  Other than that, I did not have any other changes.

 4              MR. RAICHT:  Thank you, Your Honor, as I mentioned

 5    to Your Honor before, the changes that we made include

 6    Romenette 3 which is to make clear the debtor's

 7    (indiscernible) are located within -- territorial

 8    jurisdiction -- would stay here to conform with the

 9    temporary restraining order.  And on page 2, number 2, I

10    just made it more clear in terms of when the -- how long

11    this injunction order would last.  So we'll -- we can make

12    the changes Your Honor and --

13              THE COURT:  Yeah, if -- when we finish, I mean,

14    because we have -- you e-mailed a copy of the proposed order

15    to us, one of your colleagues can just work with one of my

16    law clerks and make sure that the changes that -- I just

17    have the two changes, we can include it.  You don't have to

18    send another -- unless you have a computer with you to make

19    the changes, we can do it and get the order entered

20    promptly.

21              MR. RAICHT:  If Your Honor doesn't mind using your

22    computers, we're happy to do it.

23              THE COURT:  Just talk to my law clerks when we're

24    finished and we'll get the changes made.

25              MR. RAICHT:  Your Honor, a housekeeping issue if I

1    may?

2                THE COURT:  Sure.

3                MR. RAICHT:  At the preliminary -- sorry, at the

4    TRO hearing, Your Honor, we had filed a motion for waiver of

5    notice and Your Honor had commented at the end of that

6    hearing that perhaps I might take another run at convincing

7    Your Honor --

8                THE COURT:  Right.

9                MR. RAICHT:  -- and so I've spoken with the U.S.

10   Trustee.  We're in discussions of trying to find a solution

11   that works.  We're not there yet, but we are talking and I

12   -- and with Your Honor's indulgence, it might make the most

13   sense if we teed that motion up for a specific date, either

14   a holding date or a hearing date so we can come back.

15               THE COURT:  Good idea.  We ought to -- there's

16   actually something wrong with my computer.  I can't get the

17   calendar program open for some reason.  So maybe one of my

18   law clerks can.  Why don't you -- when we adjourn, why don't

19   you talk to Jason and Stephanie and see if we can come up

20   with a date for you.  I agree with you on trying to get this

21   resolved with the U.S. Trustee.  On sealing matters, I'm

22   generally given substantial deference to the U.S. Trustee

23   who takes a very strong position on what 107(b) of the

24   Bankruptcy Code means.  So let's -- I'd like to try and let

25   you see if you can work it out, but why don't you talk with

1    Jason and Stephanie and get a date.

2              MR. RAICHT:  Thank you, Your Honor.

3              THE COURT:  Okay, what was the -- what's the date

4    for our --

5              MR. RAICHT:  March 17th, Your Honor.

6              THE COURT:  I'm sorry.

7              MR. RAICHT:  March 17th is --

8              THE COURT:  You know, I would say let's put this

9    on March 17th.

10             MR. RAICHT:  That's fine, Your Honor.

11             THE COURT:  Okay, just -- let's do it.  I don't

12   want to have you unnecessarily --

13             MR. RAICHT:  All right, thank you.

14             THE COURT:  -- coming into Court.  Obviously if

15   you need relief on something before then, you'll let us

16   know.

17             MR. RAICHT:  Your Honor, at the least hearing

18   because we had cited the law in Cayman Island regarding

19   confidentiality --

20             THE COURT:  Yes, and you were going to --

21             MR. RAICHT:  I have a copy, Your Honor, and I --

22             THE COURT:  Okay.

23             MR. RAICHT:  -- have just given a copy to the U.S.

24   Trustee if Your Honor would like a copy.

25             THE COURT:  I would.  I would.  You can give it to

1    my law clerk when we're done.  Okay.  All right, we're

2    adjourned.  Thank you very much.

3              MR. RAICHT:  Thank you, Your Honor.

4         (Whereupon these proceedings were concluded at 2:33 PM)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
                        I N D E X

2

3                      E X H I B I T S

4   PARTY      NO    DESCRIPTION              ID.        EVID.

5   Debtor     5     Hutchinson Declaration    7           7

6              3     Hutchinson Declaration    8           8

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          I N D E X

2

3                          RULINGS

4                                          Page        Line

5    Petitioner's application for a        20          2

6                  preliminary injunction.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3    I, Jamie Gallagher, certify that the foregoing transcript is

4    a true and accurate record of the proceedings.

5    **Jamie**

6    **Gallagher**    Digitally signed by Jamie Gallagher
                       DN: cn=Jamie Gallagher, o, ou,
                       email=digital1@veritext.com, c=US
                       Date: 2015.03.02 17:19:39 -05'00'
     _____

7

8    Jamie Gallagher

9

10   Date:  March 2, 2015

11

12

13

14

15

16

17

18

19

20

21

22   Veritext Legal Solutions

     330 Old Country Road

23

24   Suite 300

     Mineola, NY 11501

25

| **&** |
| --- |
| **&** 3:12 5:1 11:5 |

| **1** |
| --- |
| **1** 22:21 |
| **10019** 3:15 |
| **10036** 3:5 |
| **101** 21:5,11 |
| **105** 7:7 18:11 |
| **107** 24:23 |
| **11501** 29:24 |
| **127** 22:7 |
| **137** 22:7 |
| **14** 9:3 |
| **15** 9:3 11:11,25 12:4 |
| 14:17,19,20 15:9 |
| 16:9,10 18:11 19:6 |
| 20:5,15 23:1 |
| **15-10324** 1:3 4:3 |
| 7:3,24 |
| **1516** 21:20 |
| **1517** 21:7 |
| **1519** 7:7 19:4,11 |
| **1521** 15:4,5,5,25 |
| **16** 9:3 |
| **16th** 7:3,25 8:17 |
| **17** 9:2,3 |
| **17th** 25:5,7,9 |
| **19** 18:11 |

| **2** |
| --- |
| **2** 22:20,21 23:9,9 |
| 28:5 29:10 |
| **20** 28:5 |
| **2010** 20:3 |
| **2011** 19:10 |
| **2013** 22:8 |
| **2015** 1:17 7:25 |
| 29:10 |
| **23** 21:5,11 |
| **23rd** 4:25 9:1,2 |
| **25** 1:17 |
| **26** 12:11 |
| **2:01** 1:18 |
| **2:33** 26:4 |

| **3** |
| --- |
| **3** 7:19,24 8:7,14,15 |
| 18:17 22:25 23:6 |
| 27:6 |
| **30** 20:3 |
| **300** 29:24 |
| **31** 3:14 |
| **330** 29:22 |
| **35** 20:3 |
| **362** 20:11 |

| **4** |
| --- |
| **4** 18:12 |
| **455** 19:9 |

| **5** |
| --- |
| **5** 3:13 4:13 7:3,11 |
| 7:14,16 11:7,7,8 |
| 12:8,14 15:5 18:17 |
| 27:5 |
| **5's** 12:17 14:3,6 |
| **52nd** 3:14 |
| **571** 19:9 |
| **578** 19:10 |
| **598** 20:3 |

| **6** |
| --- |
| **65** 11:15,15 12:9,18 |
| 12:23 |

| **7** |
| --- |
| **7** 27:5,5 |
| **714** 22:7 |

| **8** |
| --- |
| **8** 27:6,6 |

| **9** |
| --- |
| **9:00** 9:11 |

| **a** |
| --- |
| **a.m.** 9:11 |
| **absent** 21:20 |
| **accommodating** |
| 18:6 |
| **account** 12:18,24 |
| 13:2,9,10,14,20,21 |
| 13:22 17:10,10 |
| **accounts** 11:18 |
| 13:19 |

| |
| --- |
| **accurate** 29:4 |
| **acp** 19:9 |
| **act** 5:11 |
| **action** 14:17 18:22 |
| **actions** 10:5 19:2 |
| **activities** 14:16 |
| **adjourn** 24:18 |
| **adjourned** 26:2 |
| **admitted** 7:14,16 |
| 8:14,15 9:6 18:16 |
| **affidavit** 8:20,23 |
| **affidavits** 9:3 |
| **affiliate** 13:11,12,20 |
| **afternoon** 4:4 |
| **ago** 4:25 14:15 |
| **agree** 24:20 |
| **agreements** 17:10 |
| 17:11 |
| **ahead** 8:14 9:8 11:1 |
| **angle** 17:3 |
| **answering** 13:6 |
| **anybody** 4:10 5:17 |
| 6:1 9:7 10:23 17:24 |
| **appearance** 4:11 |
| **appearances** 10:9 |
| **appears** 21:10 |
| **application** 2:1 7:5 |
| 10:3 11:24,25 14:19 |
| 18:9,14,18 20:5,7 |
| 20:18 22:13 28:5 |
| **apply** 22:5 |
| **appointed** 5:1 8:4 |
| **appreciate** 18:2 |
| **appropriate** 13:8 |
| 16:25 |
| **argument** 9:18 |
| **arising** 14:16 |
| **asked** 6:21 9:5 |
| 11:21 |
| **asset** 12:19,22 |
| 13:12 |
| **assets** 10:6 11:13,16 |
| 12:4,7,14 14:3,6,11 |
| 14:22,25 15:12,14 |
| 15:19 16:1 19:15,17 |
| 20:10,13,20,22 22:2 |
| 22:23 23:2 |

| |
| --- |
| **assistance** 7:23 |
| **assure** 18:2 |
| **atlas** 16:6 |
| **attaching** 5:15 |
| **attention** 12:6 |
| **attorney** 3:3,13 |
| **authority** 23:1 |
| **automatic** 11:12 |
| **available** 6:9 |

| **b** |
| --- |
| **b** 1:20 15:4,5,25 |
| 19:22 24:23 27:3 |
| **back** 16:7 24:14 |
| **background** 18:19 |
| **balance** 14:2 19:25 |
| **bank** 1:7 4:3,5,9 5:3 |
| 5:4 11:19 12:5,7,15 |
| 12:21 13:4 22:12 |
| **banking** 5:4 |
| **bankruptcy** 1:1,13 |
| 1:22 7:7 15:20 |
| 18:11 19:4,10,11 |
| 20:11 21:5,8,11,20 |
| 24:24 |
| **based** 20:6 |
| **basic** 17:10 |
| **basis** 7:8 8:3 10:2 |
| **bear** 6:3 |
| **believe** 10:16,19 |
| **beyond** 6:16 |
| **black** 9:13 |
| **blacklines** 22:21 |
| **bottom** 18:4 |
| **bowling** 1:14 |
| **br** 19:9 |
| **brief** 4:23 9:18 11:2 |
| **briefly** 9:17 |
| **brother** 12:16 |
| **business** 8:18 20:13 |

| **c** |
| --- |
| **c** 3:1 4:1 21:20 29:1 |
| 29:1 |
| **c.v.** 19:8,9 |
| **caledonian** 1:7 4:3 |
| 4:5,9,15 11:19 12:5 |
| 12:7,15,19,21,21,22 |

12:23 13:2,3,11,12
13:21
**calendar** 24:17
**called** 12:15
**careful** 12:6
**carve** 16:13
**carves** 18:25
**case** 1:3 4:14 7:3
12:5,13,20 13:4,19
14:1,23 15:9 16:7
18:21 22:4 23:1
**cases** 16:13
**cause** 8:17
**cayman** 4:8,17,24
5:1 8:4 10:8,10
11:8,9 12:9,10,12
21:1,3,5,10,12,15
21:18,19 22:10,11
22:12 25:18
**center** 21:7,19,22
21:23
**certain** 20:16
**certainly** 9:22 14:19
16:12 18:2,4,21
**certify** 29:3
**chance** 4:18
**change** 9:24
**changes** 9:15 23:3,5
23:12,16,17,19,24
**chapter** 11:11,25
12:4 14:17,19,20
15:9 16:9,10 19:6
20:5,15 23:1
**cheerful** 10:14
**cifco** 12:14,17 14:5
**cifco's** 14:11
**circuit** 15:20 16:13
19:20 20:3 21:24
22:8
**circumstances** 17:6
**cited** 25:18
**citigroup** 20:1
**claim** 16:9
**claimants** 21:15
**claims** 20:21
**clarification** 15:13

**clarify** 17:7
**clean** 9:12
**cleaning** 5:14
**clear** 22:25 23:6,10
**clerk** 26:1
**clerks** 23:16,23
24:18
**client** 13:15
**close** 12:16
**code** 7:7 18:11 19:4
19:11 20:11 21:5,8
21:12,20 24:24
**colleagues** 23:15
**collection** 20:14
**collective** 21:12
**combinations** 12:17
**come** 6:22 24:14,19
**coming** 25:14
**comity** 17:3
**commenced** 22:17
**commended** 22:18
**commented** 24:5
**company** 3:13 4:13
11:6,6,8
**company's** 5:11
10:19
**complex** 12:2
**computer** 23:18
24:16
**computers** 23:22
**concerning** 12:4
13:9 14:22
**concluded** 26:4
**concludes** 20:7
**conditional** 8:2
**conducting** 14:17
**confer** 15:17
**confidentiality**
25:19
**conform** 23:8
**connection** 10:6
13:25
**consent** 18:24
**considered** 20:4
**consistent** 10:2
**continue** 10:5,16

**continues** 10:17
**contrary** 21:21
**control** 12:19 15:11
21:16
**controller** 5:7
**controllers** 5:4
**controllership** 8:4
**convincing** 24:6
**copy** 23:14 25:21,23
25:24
**correct** 5:13
**counsel** 4:6,12
12:12 15:17 16:17
17:5 20:17
**country** 21:6,18
29:22
**course** 14:2
**court** 1:1,13 4:2,10
4:16,19,23 5:1,6,11
5:23 6:5,11,13,20
7:1,9,13,18 8:9,12
8:24 9:5,17,20,23
10:1,23 11:3,11,17
13:17 14:5,8,9,10
14:12,14,24 15:7,15
15:20,22 16:3,8,13
17:14,22,24 18:7,8
19:5,10,13,13 20:4
20:6,8,23,25 21:16
22:13,20 23:13,23
24:2,8,15 25:3,6,8
25:11,14,14,20,22
25:25
**court's** 16:21 19:7
20:6 23:1
**courtroom** 5:20
**courts** 21:24
**creditors** 10:8 16:4
19:16 20:14 22:3,4
**cross** 6:2,8,23 9:7
**culminating** 12:11
**custody** 12:18
**customer** 11:20

**d**

**d** 4:1 27:1 28:1
**danish** 16:8

**date** 4:21 8:18 9:1
10:21 24:13,14,14
24:20 25:1,3 29:10
**day** 5:8,15 18:13
**days** 4:25 8:18
**deadline** 9:11
**debtor** 1:9 3:3 4:5
12:4,20 13:4,11,15
13:19 14:23 15:3,3
19:15 20:12 21:6,18
22:2 27:5
**debtor's** 7:11,16 8:7
8:15 16:1 17:5
19:17 20:10,17,20
21:21,22,23,25 22:2
22:3,9 23:6
**debtors** 12:12 21:15
22:23
**decidedly** 19:25
**declarant** 6:2
**declaration** 7:4,8
7:14,19,25 8:3,10
8:13 10:7 18:15
20:16 27:5,6
**declarations** 5:24
6:15,21 9:7 18:16
20:5
**deference** 24:22
**defined** 21:11
**delaware** 11:11
14:13
**demonstrate** 19:21
**demonstrated** 20:9
20:24 21:9,17
**denmark** 16:8
**depletion** 20:20
**deposit** 17:13
**deposited** 12:14
**depositors** 10:5,10
10:12,14 20:17,19
**description** 18:19
27:4
**designated** 5:12
**determination**
14:25 15:7,19 16:8
16:11,14 19:7 20:21

**determinations** 17:8,9
**determine** 16:25 21:14,23
**different** 17:1
**difficult** 17:12
**disclosed** 13:13
**discovered** 13:1
**discovery** 17:14 18:6
**discuss** 16:17
**discussions** 24:10
**disputes** 22:6
**distribution** 16:1,12 20:22
**distributions** 20:19
**district** 1:2 11:10 11:11 14:9,12,13 18:22 19:10
**docket** 7:3,14,24 8:14 9:2 18:12,17 18:17
**documents** 18:20
**draws** 14:21

**e**
**e** 1:20,20 3:1,1,1 4:1,1 23:14 27:1,3 28:1 29:1
**earlier** 5:18 8:22 9:12 10:18
**easier** 6:25
**ecf** 5:25,25 7:14,19 8:13,24 9:1,3 11:21 18:12,17,17
**effect** 15:10 19:1
**efforts** 20:14
**either** 13:24 19:22 24:13
**eleven** 3:4
**employees** 22:11
**encourage** 16:10 17:14
**enforcement** 20:14
**enforcing** 22:22
**ensure** 12:6 13:7
**enter** 10:21

**entered** 7:9 12:5 14:5,8,15 18:13,24 23:19
**entrust** 15:25
**entry** 5:19 10:24 13:8
**ernst** 5:1
**esq** 3:7,8,9,10,17
**establish** 21:3
**estate** 12:14
**evid** 27:4
**evidence** 5:24 6:16 6:21 7:10,15,16 8:11,14,15 18:16 21:20
**evidentiary** 6:1
**ex** 7:5 10:3 18:8
**exactly** 15:8
**examination** 6:8
**examine** 6:2,23 9:7
**example** 15:4 16:6
**excess** 11:15
**exchange** 17:17
**exclusive** 21:24
**excuse** 13:15 14:7 15:3
**execution** 19:17 20:9
**exhibit** 7:11,16 8:7 8:15
**expressly** 19:2
**extent** 13:24

**f**
**f** 1:20 29:1
**f.3d** 20:3 22:7
**fact** 12:12 14:22
**factors** 21:25
**factual** 12:25 13:5
**factually** 12:3
**fair** 19:24 20:22
**fairfield** 22:7
**fairly** 10:20 12:2
**far** 17:9
**fashion** 6:3
**favor** 17:3
**fearful** 10:5

**february** 1:17 7:3 7:25 8:17
**field** 17:19
**file** 5:10,14 8:23 9:12
**filed** 5:25 6:16,21 7:2,24 8:13,21,22 8:25,25 11:20 18:12 18:18,21 24:4
**filing** 19:6,12
**final** 12:4 13:8
**finance** 11:6
**find** 24:10
**findings** 14:21
**finds** 20:6,8,23
**fine** 6:11,19 25:10
**finish** 23:13
**finished** 23:24
**firm** 4:8
**first** 6:3 9:16 16:16 21:9 22:16
**flag** 5:8 12:1 17:4
**flagging** 11:23 13:7
**foregoing** 29:3
**foreign** 7:21 8:1,5,6 15:1,2,3,11,17,22 15:22 16:2,17 19:8 19:14 21:1,2,4,10 21:16
**form** 9:12,21
**forming** 10:8
**forth** 7:8 8:3 18:20 19:4 20:16
**four** 9:2
**fourth** 22:17
**fraud** 12:10
**fund** 20:2
**funding** 12:10
**funds** 13:2 16:7,22
**further** 11:25
**future** 17:9

**g**
**g** 4:1
**gallagher** 2:25 29:3 29:8
**gap** 19:5

**general** 6:14
**generally** 24:22
**gentleman** 4:7
**geoffrey** 3:7 4:4
**give** 4:23 25:25
**given** 24:22 25:23
**glenn** 1:21
**global** 20:1
**gluck** 3:17 4:12,12 4:17 11:2,5,5,22 13:18 14:7,9,12,15 15:8,16 17:2,21,23 18:3
**go** 5:7 8:14 9:8 10:25
**goals** 16:10
**goes** 17:20 19:19
**going** 5:21 16:7 19:23 25:20
**good** 4:4 24:15
**grant** 19:5,7,16 21:1
**granted** 16:5 20:8
**granting** 8:2
**grants** 22:13
**green** 1:14
**ground** 19:24
**group** 4:15
**guess** 4:25 5:24 9:5

**h**
**h** 27:3
**happened** 4:23
**happens** 10:1
**happy** 23:22
**hardships** 19:25
**harm** 10:17 19:22 20:12
**hate** 9:25
**headquartered** 22:10
**headquarters** 22:1
**hear** 9:16
**heard** 5:20 10:24 17:25
**hearing** 2:1 7:6 8:17,19,20 9:10 10:22 11:18 18:10

18:14 24:4,6,14
25:17
**held** 22:12
**high** 10:20
**holder** 13:20
**holding** 12:18 24:14
**holdings** 22:6
**holds** 13:21
**holland** 3:12 11:5
**hon** 1:21
**honor** 4:4,7,12,20
5:13,17 6:6,12,19
6:24 7:2,10,17,22
7:23 8:10 9:4,9,14
9:15,25 10:2,4,7,13
10:17,20 11:2 14:13
17:2,21 18:1,3
22:19 23:4,5,12,21
23:25 24:4,5,7 25:2
25:5,10,17,21,24
26:3
**honor's** 8:16 9:9
18:2 24:12
**hope** 17:16
**housekeeping** 23:25
**hutchinson** 5:2 7:4
7:14,18,25 8:3,13
9:7 18:15 27:5,6
**hutchinson's** 7:8

**i**

**idea** 24:15
**identification** 7:12
8:8
**identify** 11:3
**implied** 22:25
**inadvertence** 14:2
**include** 23:5,17
**included** 16:22
**including** 19:16
21:25
**indiscernible** 13:20
23:7
**indulgence** 24:12
**informal** 17:14
**information** 12:21
13:9 17:6,17

**informational**
17:19
**initial** 5:8 12:25
**initiate** 20:19
**injunction** 2:2 4:21
5:16 7:7,9 8:19
9:13,16,18 10:21,25
16:21,24 18:10,14
18:23,25 19:1,3,21
20:8 22:14 23:11
28:6
**insofar** 20:25
**instance** 16:16
**instances** 10:15
**inter** 17:10
**interest** 16:4 19:15
21:7,19,22,23
**interested** 4:14
**interests** 12:12
**interfere** 20:21
**intertrust** 12:16
**investment** 3:13
4:13 11:6
**involve** 12:2 14:25
**involved** 12:13
**irreparable** 10:17
19:21 20:12
**island** 4:8 5:1 25:18
**islands** 21:19 22:10
22:11,12
**issue** 11:22 12:1
13:7 17:4 23:25
**issues** 12:25 16:11
16:19 17:7 18:4

**j**

**jamie** 2:25 29:3,8
**jared** 3:9
**jason** 24:19 25:1
**joint** 5:2,12
**judge** 1:22 18:23,24
19:1
**judicial** 21:12
**jurisdiction** 22:5,24
23:2,8

**k**

**kieran** 7:4,25 18:15
**knight** 3:12 11:5
**know** 6:20 15:5
16:16 17:15,18 25:8
25:16
**krys** 22:6

**l**

**language** 16:24
**lastly** 9:9
**law** 4:8 5:4 8:4
10:19 15:20 22:5
23:16,23 24:18
25:18 26:1
**lawsuits** 20:19
**leave** 16:3
**lee** 3:10
**legal** 29:22
**liens** 22:22
**life** 6:24
**likelihood** 10:19
19:22 20:24
**limited** 1:7 3:13 4:3
4:13 11:7 19:9 20:3
22:6,7
**line** 9:13 22:17,22
28:4
**liquidation** 4:13,16
4:17 10:18 11:7,9,9
12:9
**liquidators** 5:3,5,12
6:9 10:16 11:9
**list** 21:24
**litigation** 12:10
19:24
**llp** 3:2,12
**located** 11:16 12:23
16:1 22:11,23 23:2
23:7
**location** 21:25 22:1
22:2,3
**loebell** 5:2 6:9
**long** 23:10
**look** 21:24
**looking** 22:20

**lot** 12:12
**lupton** 4:8

**m**

**mailed** 23:14
**main** 7:21 8:2 15:2
15:22 21:2,2,7,10
21:19,22,23
**maintain** 14:2 15:9
15:11
**majority** 22:3,4
**making** 4:10
**manage** 22:1
**management** 12:20
12:22 13:12
**mandelker** 3:8 4:6
**march** 25:5,7,9
29:10
**marked** 7:11 8:7
**markets** 20:2
**martin** 1:21
**master** 19:9 20:2
**material** 20:11
**matter** 1:5 5:13 6:7
10:11 17:18
**matters** 24:21
**mean** 23:13
**meaning** 21:4
**means** 24:24
**mechanical** 6:6
**meeting** 14:1
**mentioned** 23:4
**mergers** 12:17
**merits** 10:20 19:23
19:24 20:25
**mg** 1:3
**middle** 16:19
**million** 11:15,16
12:9,18,23 14:2
**mind** 23:21
**mineola** 29:24
**minute** 6:3
**mist** 22:6
**modified** 18:24
**moment** 18:1
**monday** 9:11
**money** 13:24 15:7
16:14,20

month  4:25
morgan  12:24 13:1
  13:3
morning  22:6
motion  10:24 24:4
  24:13
murkier  17:8

**n**

n  3:1 4:1 27:1 28:1
  29:1
name  11:19,19 13:3
  13:14,15
nature  13:9 17:12
  19:16
nearer  14:21
need  25:15
needed  19:14
needs  15:18
neil  4:7
new  1:2,15,15 3:5
  3:15 18:22
night  16:19
nominally  13:3
non  12:20 21:24
northern  19:10
note  10:7 11:2
  18:21
noted  10:17
notice  7:6 8:18,19
  10:9 18:10 24:5
notices  10:11,13,14
number  4:3 7:3,11
  7:14,16,19,24 8:7
  8:14,15,21 9:2 13:5
  13:13 18:12,17,17
  23:9
ny  3:5,15 29:24

**o**

o  1:20 4:1 29:1
objecting  5:21
objection  5:19 9:10
  18:18
objections  4:22
  5:17 6:22 7:13 8:12
  9:12

obligations  14:1
obviously  13:7,23
  17:15 19:19 25:14
occur  17:1
offer  5:24 6:16,21
  7:10,23 8:10
offering  7:19
office  21:21 22:9
official  5:3
officially  5:1,5
okay  4:16 5:6 6:3,5
  6:13,23 7:1 8:14
  9:19 14:14 17:22
  18:7 25:3,11,22
  26:1
old  29:22
one's  5:21
open  24:17
operate  15:11
opportunities  20:2
order  4:21 5:19 7:6
  8:1 9:10,13,14,21
  10:4,21 12:4 13:8
  14:5,8,15 16:21
  18:9 22:15,16 23:9
  23:11,14,19
orderly  20:21
orders  5:15 15:10
  16:19
ordinarily  14:24
  15:1,6,21
ordinary  6:18
original  10:7
originally  18:8
ought  15:23 24:15
outside  13:24
ownership  15:19
  16:11

**p**

p  3:1,1,8 4:1
p.m.  1:18
page  22:16,20 23:9
  28:4
paid  12:6
papers  5:9
paragraph  22:21

parallel  14:1
part  16:1
parte  7:5 10:3 18:8
parties  5:2,19 10:9
  10:12
partner  4:6
party  4:14 18:17
  19:20,25 27:4
pauley  18:23,24
pauley's  19:1
pause  6:4
pending  15:22 18:8
  20:14 21:6,18
period  19:6
person  16:3
pertinent  15:4
petition  8:1 19:6,12
  19:13 20:5,15
petitioner's  2:1
  20:7 22:13 28:5
petitioners  20:8,23
  21:3,9,13,17
ph  12:16,16
phone  6:10
phrase  15:12
pie  17:4
piecemeal  20:20
place  11:12,13
playing  17:19
please  4:2
pm  26:4
point  10:16 16:23
  17:20
police  19:2
popkin  3:10
position  24:23
possibility  5:9
possible  13:13
potential  20:13
power  21:13
precisely  11:22
predecessor  12:15
predicated  12:3
preference  6:18
preliminary  2:1
  4:21 5:16 7:6,9
  8:19 9:13,16,18

10:21,24 16:20,24
  18:10,13,23,25 19:1
  19:21 20:1,7 22:14
  24:3 28:6
prepared  5:9
presented  17:18
presumed  21:21
previously  18:12,21
primary  22:2
prior  12:3 13:8
  14:15
proceed  6:2,15
proceeding  7:21 8:2
  8:5 15:2,2,22 19:8
  21:1,2,2,4,4,6,10,10
  21:12,13,15,18
proceedings  26:4
  29:4
proffer  6:7
proffering  6:17
proffers  6:13,18
program  24:17
promptly  23:20
property  16:11,12
  17:9 18:5 20:13
proposed  18:25
  23:14
proposition  6:14
proskauer  3:2 4:5
protect  19:15
protected  16:5
protecting  14:3,5
  14:10
protections  20:10
provided  16:3,7
provides  19:2
provision  16:22
provisional  11:24
  14:18 19:5,16
provisions  15:10
pursuant  11:11
  14:1 18:10 19:11
purview  14:17
put  6:7 25:8

| q | | | |
|---|---|---|---|

**q**

**qualify** 21:2
**question** 11:21
**questions** 12:3 13:6
  19:23
**quite** 10:15

**r**

**r** 1:20 3:1 4:1 29:1
**raicht** 3:7 4:4,5,20
  5:7,13 6:6,12,19,24
  7:2,17,22 8:10,16
  9:4,9,19,22,25 10:2
  18:1 22:19 23:4,21
  23:25 24:3,9 25:2,5
  25:7,10,13,17,21,23
  26:3
**ran** 12:25
**really** 17:21 22:25
**reason** 24:17
**reasons** 16:20 22:13
**received** 4:22 5:17
  9:11 10:9 12:21
**receiving** 10:11,11
**recognition** 8:20
  10:22 12:1 14:20,24
  15:1,6,10 19:7,12
  21:1
**recognized** 11:10
  15:2
**recognizing** 7:20
  8:1
**record** 5:14 6:1,8
  7:24 14:22 29:4
**refer** 11:7
**regarding** 25:18
**registered** 21:21
  22:9
**regulatory** 19:2
**relates** 23:1
**relationship** 4:15
**relationships** 13:11
**relevant** 19:8
**relief** 5:22 8:2 11:24
  15:3 16:6 19:5,14
  19:16 20:1,18,18
  25:15

**remain** 5:3
**remains** 16:24
**reported** 13:1
**representation** 6:7
**representative** 8:6
  15:11 16:2 19:14
**representative's**
  16:17
**representatives**
  15:17
**represented** 12:23
**representing** 10:10
  11:6
**represents** 4:9
**request** 16:22 19:13
**requesting** 20:1
**require** 6:20,20
  13:6 15:6
**resolution** 20:15
**resolve** 16:19 18:3
  21:14
**resolved** 15:24
  24:21
**respect** 10:24,25
  11:13 15:25 22:15
**restraining** 7:5 10:4
  16:21 18:9 23:9
**result** 20:13,20
**retained** 20:17
**return** 4:20
**review** 20:6
**reviewed** 20:4
**revised** 22:16
**right** 4:2,7 5:23
  7:13,13 8:9,12,24
  9:5,8 10:23,25
  17:22,24 18:7 24:8
  25:13 26:1
**rights** 18:5 21:14
**risk** 10:16 20:11
**road** 17:4 29:22
**role** 5:7
**romanette** 22:21,21
  22:25
**romenette** 23:6
**room** 15:13

**rose** 3:2 4:5
**rules** 19:13
**rulings** 28:3
**run** 24:6

**s**

**s** 3:1 4:1 27:3
**s.a.b.** 19:8,9
**saad** 3:13 4:13 11:6
**satisfied** 16:4
**satisfies** 8:5
**saw** 15:5
**saying** 11:23 15:23
  16:15
**scenarios** 13:13
**scheduled** 18:13
**sealing** 24:21
**seated** 4:2
**sec** 14:1
**sec's** 18:22
**second** 7:18 15:20
  16:13 19:20 20:3
  21:17 22:7
**section** 19:4,11,19
  20:11 21:5,7,11,20
**sections** 18:11
**securities** 12:22,24
  13:2,12,21
**see** 8:25 17:19 19:8
  21:7 22:6 24:19,25
**seeking** 19:20 20:19
**seeks** 15:3
**segregated** 12:18
  13:10
**send** 23:18
**sense** 24:13
**sentry** 22:7
**series** 12:17 13:18
**serious** 19:23
**serve** 8:17
**service** 8:20,23 9:1
  9:3
**set** 18:20 20:16
**sets** 7:8 8:3 19:4
**setting** 9:10,10
**sharing** 17:6
**shipping** 16:6

**shortly** 12:11
**should've** 9:5
**shown** 20:25
**side** 17:8
**sifco** 11:7,8,15 12:8
  14:3
**sifco's** 11:13
**sigal** 3:8 4:6
**sign** 16:18
**significant** 12:9
**simply** 13:14 17:7
**skip** 18:19
**solution** 24:10
**solutions** 29:22
**sorry** 10:25 14:7
  24:3 25:6
**sought** 19:3,18
  20:18
**southern** 1:2 18:22
**speak** 11:4 15:17
**special** 20:2
**specific** 14:25 15:19
  24:13
**specifically** 11:21
  12:8 16:6
**spectrum** 13:16
**spoke** 5:18
**spoken** 24:9
**square** 3:4
**stage** 13:5 14:18
  17:7
**stake** 18:5
**stakeholders** 21:15
**stanley** 12:24 13:1,3
**statements** 14:21
**states** 1:1 10:7
  11:10,14,16 13:25
  14:4,6,9,11,12
  15:12 16:2,5,23,23
  20:10 22:24 23:3
**stay** 11:12,13 14:3
  16:23 20:9 23:8
**stayed** 19:3
**staying** 19:17
**stephanie** 24:19
  25:1

| | | | |
|---|---|---|---|
| **steps** 10:5 | **temporary** 7:5 10:4 | **u** | **ways** 17:16 |
| **stop** 19:18 | 16:21 18:9 23:9 | | **we've** 14:16 |
| **street** 3:14 | **term** 21:11 | **u.s.** 1:13,22 5:18 | **week** 12:11 |
| **strong** 24:23 | **terms** 18:6 23:10 | 16:14 24:9,21,22 | **west** 3:14 |
| **structure** 12:7 | **territorial** 22:24 | 25:23 | **winds** 17:18 |
| **sub** 13:14,18,22 | 23:2,7 | **ultimate** 8:20 | **wish** 5:20 9:7 10:23 |
| **subject** 11:8 12:8 | **texas** 19:10 | **ultimately** 12:2,19 | 17:24 |
| 12:10 16:8 21:16 | **thank** 4:10,19 6:12 | 14:21 17:3 | **wishes** 6:1,23 9:14 |
| **submitted** 22:15,16 | 6:24 7:17,22 17:2 | **understand** 5:21 | 9:15 |
| **subsection** 22:22 | 17:23 18:7 22:19 | 10:13 17:12,20 | **witnesses** 6:9 |
| **subsequent** 8:16 | 23:4 25:2,13 26:2,3 | **understanding** | **word** 22:17 |
| **substantial** 20:24 | **thereof** 11:10 | 11:18 | **words** 16:3 |
| 24:22 | **things** 17:8 21:14 | **uniform** 16:10 | **work** 17:15 23:15 |
| **success** 10:19 19:22 | **think** 8:22,25,25 | **united** 1:1 10:6 | 24:25 |
| 20:24 | 11:20 16:9 18:20 | 11:10,13,16 13:25 | **working** 18:3 |
| **suffer** 20:12 | 22:24 | 14:4,6,9,11,12 | **works** 24:11 |
| **sufficiently** 16:5 | **threatening** 10:15 | 15:12 16:2,4,23,23 | **written** 16:18 |
| 19:23 | **time** 4:24 7:5 10:8 | 20:10 22:24 23:2 | **wrong** 24:16 |
| **suggest** 15:15 | 11:4,23 16:25 17:23 | **unnecessarily** 25:12 | **x** |
| **suggestion** 15:16 | 19:12 | **update** 4:23 | **x** 1:4,11 27:1,3 28:1 |
| **suite** 29:24 | **times** 3:4 | **urgently** 19:14 | **y** |
| **supervision** 21:16 | **tipping** 19:25 | **utilized** 13:25 | |
| **supplement** 5:10,14 | **title** 14:25 | **v** | **yeah** 23:13 |
| **support** 7:4,20 8:1 | **today** 5:18 8:22 | | **years** 14:15 |
| 11:24 | 9:12 10:10 18:13 | **v** 20:2 22:6 | **york** 1:2,15,15 3:5 |
| **supported** 18:14 | **today's** 9:10 | **value** 17:4 20:12 | 3:15 18:22 |
| **supporting** 11:25 | **touch** 17:5 | **varied** 12:12 | **young** 5:2 |
| 14:18,19 | **transcribed** 2:25 | **various** 12:6 14:16 | **z** |
| **supposed** 15:21 | **transcript** 11:20 | **vcg** 20:2 | |
| **sure** 8:21 9:14 | 29:3 | **veritext** 29:22 | **zajac** 3:9 |
| 13:23 15:16 23:16 | **transferred** 12:19 | **versus** 15:21 | |
| 24:2 | 13:24 | **views** 18:2 | |
| **surprises** 15:18 | **trial** 12:11 | **violation** 14:3 | |
| 16:18 | **tro** 11:18 18:12 | **virtue** 4:14 16:9 | |
| **t** | 24:4 | 19:3 | |
| | **true** 29:4 | **vitro** 19:8,9 | |
| **t** 3:7 27:3 29:1,1 | **trustee** 5:18 24:10 | **voluntary** 17:17 | |
| **table** 4:6 | 24:21,22 25:24 | **w** | |
| **take** 6:13,18 18:21 | **try** 24:24 | | |
| 24:6 | **trying** 12:1 15:8 | **wait** 14:10,10,10 | |
| **takes** 24:23 | 24:10,20 | **waiver** 24:4 | |
| **talk** 9:20 23:23 | **two** 4:25 8:18 9:6 | **walk** 9:14 | |
| 24:19,25 | 11:18 18:15 19:23 | **walkers** 4:8 | |
| **talking** 24:11 | 20:5 23:17 | **want** 6:16 9:15,24 | |
| **teed** 24:13 | **typo** 9:23 | 13:7,23 18:21 25:12 | |
| **tell** 6:17 18:5 | **typos** 9:25 | **warren** 3:17 4:12 | |
| **temporarily** 5:3 | | 11:5 | |
| | | **way** 6:14 15:23 | |